FILED

2013 Mar-29  AM 11:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MORTGAGEAMERICA, INC., )
)
       Plaintiff, )
)
v. )       Case No. 2:13-CV-00177-TMP
)
NANCY DAVIS, )
)
       Defendant. )

## MEMORANDUM OPINION

In this action for breach of contract, fraudulent representation, and fraudulent suppression, plaintiff MortgageAmerica, Inc. (hereafter "plaintiff") filed a motion to stay proceedings and compel arbitration of the controversies in this matter on January 25, 2013.  (Doc. 4).  As grounds therefor, plaintiff points to an unambiguous arbitration clause contained in the underlying agreement.  (Doc. 4, Para 2).  On March 20, 2013, defendant Nancy Davis (hereafter "defendant") filed her response to the motion to stay and compel arbitration, stating that she does not oppose it.  (Doc. 10).  The parties have consented to the full dispositive jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).  (See Doc. 13).

Compelling Arbitration

This action began as one for damages by MortgageAmerica against defendant Davis based on breach of contract, fraudulent representation, and fraudulent suppression.  Plaintiff alleges that it contracted with Davis to manage its mortgage production office in Melbourne, Florida, and as part of her duties, Davis breached the contract and committed fraud by originating, approving, and

processing mortgage loans based "on loan application packages that were deficient, were non-compliant with applicable policies and procedures, and/or contained false representations of material fact." Filed at the same time as the complaint was plaintiff's motion to stay proceedings in this action and to order the parties to arbitrate the dispute between them based on a clause in the contract between the parties, reading:

> Any dispute between Manager and MAI is subject to binding arbitration if it arises or involves a claim under this Agreement, under any federal or state statute, regulation or common law doctrine regarding or relating to employment, discrimination, or terms and conditions of employment including, but not limited to, the Civil Rights Act, the Equal Pay Act, the Age Discrimination in Employment Act (Federal or State), the Rehabilitation Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act or any other state or Federal law, statute or regulation. The foregoing list is by way of example only and shall include all present or future laws, statutes and regulations. The procedures to be used during any arbitration shall be the rules of the American Arbitration Association or the National Arbitration Forum, as selected by MAI. In order to make these arbitration procedures readily available in the case of a dispute, MAI will pay 50% and the Manager will pay 50% of the required administrative fees. Otherwise, each party will bear its own arbitration expenses. Either party may demand an arbitration by written demand to the other after which the parties will try to resolve any dispute by discussions between themselves but if they are unable to resolve such dispute, then MAI will file the appropriate documents to begin the arbitration. MAI may do so at any time after giving or receiving a demand. The arbitrator(s) shall have the authority to grant any remedy or relief that the arbitrator(s) deems just and equitable and which is consistent with applicable law. To the fullest extent available under the law, Manager hereby waives the right to a trial before a jury for any dispute or claim, whether the parties have waived arbitration or whether a court has held arbitration provisions inapplicable or unenforceable. The Manager and MAI acknowledge that Manager's employment involves the mortgage-related business and interstate commerce and that arbitration is an appropriate method to resolve any disputes.

On March 20, 2013, defendant Davis filed her response to the motion to compel, saying simply that she does not oppose it.

Because defendant does not oppose plaintiff's motion to stay and compel arbitration, the parties have essentially agreed that they are required to arbitrate the disputes pleaded in the complaint, and the arbitrator will determine the merits of the controversy between them. By agreeing that the motion to compel arbitration is due to be granted, the defendant is conceding that the movant is able to show that "there is a valid arbitration agreement and that the disputed claims are subject to arbitration." *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985); *Lambert v. Austin Ind.,* 544 F.3d 1192, 1195 (11th Cir. 2008). Further, the parties agree that there is a "written arbitration agreement" that is "enforceable 'under ordinary state-law' contract principles." *Lambert,* 544 F.3d at 1195; *Perera v. H & R Block E. Enterprises, Inc.*, 2012 WL 5471942 (S.D. Fla. Nov. 9, 2012). Thus, it is clear that the motion to compel arbitration must be granted and the parties compelled to arbitrate their dispute. Therefore, by separate order, the magistrate judge will grant the plaintiff's motion to compel arbitration and will compel the parties to proceed with arbitration of their controversies.

Stay or Dismissal?

Whether to stay a pending action in deference to arbitration or to dismiss it without prejudice depends on whether all claims asserted in the action are subject to arbitration. *Perera v. H & R Block E. Enterprises, Inc.*, 2012 WL 5471942 (S.D. Fla. Nov. 9, 2012). If all of the claims pleaded in the action are subject to arbitration, many courts have concluded that dismissal without prejudice is the better course. "The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Caley v. Gulfstream Aerospace Corp.,* 333 F.Supp.2d 1367, 1379 (N.D.Ga. 2004) (compelling arbitration and dismissing the case), *aff'd*

428 F.3d 1359 (11th Cir.2005), quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164

(5th Cir.1992); *see also Perera v. H & R Block E. Enterprises, Inc.*, 2012 WL 5471942, \*4-5 (S.D.

Fla. Nov. 9, 2012).  When all issues raised in the judicial action are subject to arbitration, nothing

is left for the district court to litigate once arbitration has been ordered.

Other courts, however, have pointed to the express language of Section 3 of the Federal

Arbitration Act, which says that courts "shall" stay proceedings pending arbitration.  Indeed, the

Eleventh Circuit has taken this position.  *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698,

699 (11th Cir.1992) (reversing the dismissal of arbitrable claims, remanding with instructions to

enter a stay, and stating that "[u]pon finding that a claim is subject to an arbitration agreement, the

court should order that the action be stayed pending arbitration"); *Pilitz v. Bluegreen Corp.*, 2011

WL 3359641 (M.D. Fla. Aug. 4, 2011).  The *Pilitz* court wrote:

> In the Eleventh Circuit, some district courts opt to dismiss arbitrable claims where
> all of the issues raised in the complaint must be submitted to arbitration.  *See, e.g.,*
> *Olsher Metals Corp. v. Olsher,* No. 01–3212–CIV, 2003 WL 25600635, at \*9
> (S.D.Fla. Mar. 26, 2003) (dismissing claims subject to arbitration in Italy).  However,
> the vast majority of district courts in the Eleventh Circuit stay arbitrable claims
> pending arbitration, citing the express language of 9 U.S.C. § 3.  *See, e.g., Dorward*
> *v. Macy's Inc.,* No. 2:10–cv–669–FtM–29DNF, 2011 WL 2893118, at \* 12 (M.D.Fla.
> July 20, 2011); *Mainsail Dev., LLC v. Rusco Invs., Inc.,* No.8:11–cv–45–T–33AEP,
> 2011 WL 2881599, at \*1 (M.D.Fla. July 19, 2011) (staying action pending
> notification that plaintiff has exhausted arbitration).  While Bluegreen cites *Alford*
> *v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161 (5th Cir.1992), a Fifth Circuit decision,
> for the proposition that a case should be dismissed when all of the issues raised in the
> district court are submitted to arbitration, the Eleventh Circuit has expressed a
> preference that district courts stay arbitrable claims rather than dismiss them.

*Pilitz v. Bluegreen Corp.*, 2011 WL 3359641 (M.D. Fla. Aug. 4, 2011) (citing *Bender*); *but see*

*Gilchrist v. Citifinancial Services, Inc.334, LLC*, 2007 WL 177821 (M.D. Fla. Jan. 19, 2007 (noting

that Eleventh Circuit has "frequently affirmed where the district court compelled arbitration and dismissed the underlying case") (citing *Samadi v. MBNA Am. Bank, N.A.*, 178 Fed. Appx. 863 (11th Cir. 2006), *cert. denied,* 127 S. Ct. 494 (2006); *Caley v. Gulfstream Aerospace Corp.,* 428 F.3d 1359 (11th Cir. 2005); *Jackson v. Cintas Corp.,* 425 F.3d 1313 (11th Cir. 2005)).

The procedural posture of this case is unlike most of the cases involving arbitration. Here, it is the same party that file the action for breach of contract and fraud that also moved to compel arbitration. MortgageAmerica is both the plaintiff in this action and the party moving to compel arbitration. Most (if not all) of the cases cited above involved an action commenced by one party, prompting the defendant to compel arbitration of the claims pleaded by the plaintiff. In such cases it is logically possible that not all claims alleged in the original complaint end up being arbitrated. A stay preserves for the plaintiff a forum and timely action to litigate non-arbitrable claims, while a dismissal pending arbitration requires the plaintiff to refile anew once the arbitration is finished and subjects him to the possibility that his claims will become time-barred by a limitation period. Thus, a stay of the ordinary case would be preferable and less potentially prejudicial to the plaintiff compared to an outright dismissal of his claim.

But, as mentioned, this case is not the same as the paradigm cases noted above. Here, it is the plaintiff who not only filed the action but also moved to compel arbitration of the claims alleged by it in its own action. In this case, the danger of prejudice to the party against whom compelled arbitration is sought is non-existent. Defendant Davis has been sued in this action, and plaintiff MortgageAmerica also has also moved to compel her to participate in the arbitration of *its* claims against *her*. It seems unfair to subject Davis to two separate proceedings — even if one is stayed — when she has not elected either forum or even is asserting any claim against the plaintiff. The

plaintiff seems to want to have its cake and eat it too, by both suing Davis and insisting that she

participate in an arbitration plaintiff wants, not she.  Admittedly, the court has been unable to find

a case similar to the instant one in which it is the *plaintiff* who seeks both to sue on substantive

theories and to compel arbitration.[1]  That may reflect that it is very usual for the plaintiff in a lawsuit

to move to stay his action while he arbitrates.  By successfully moving to compel arbitration, the

plaintiff effectively elects to forgo litigation of the action, at least until the arbitration is completed.

As such, the complaint in this action should be dismissed without prejudice while it proceeds with

the arbitration it asked for.

By separate order the court will grant the motion to compel arbitration as opposed and will

dismiss this action without prejudice to allow the parties to arbitrate their controversy.

DONE this 28th day of March, 2013.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

---

[1] This case is not like those in which a plaintiff files suit in federal court for the sole purpose of seeking an order to compel a party *in a separate action* to arbitrate a claim.  In those cases, the usual pattern is where one party has filed an action against the other, usually in state court, and the defendant in the state-court action files a complaint in federal court to stay the state-court action and compel the state-court plaintiff to arbitrate rather than litigate.  In this case, the plaintiff seeking to compel arbitration also has pleaded substantive claims for breach of contract and fraud against the defendant while simultaneously urging the court to compel the parties to arbitrate.  Asking for a stay is very close to asking for two bites at the apple — both arbitrating and holding in reserve this lawsuit in the event the arbitration does not go well.